UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

JORDY PERALTA                        :
                        Plaintiff    :
          -against-                  :          COMPLAINT
                                     :          AND JURY DEMAND
                                     :
                                     :          No. 20-cv-04884
THE CITY OF NEW YORK, and POLICE     :
OFFICER BRANDON GEMBECKI             :
and POLICE OFFICERS JOHN DOE # 1 through  :
JOHN DOE # 3 of the NEW YORK CITY POLICE  :
DEPARTMENT                           :
                                     :
                        Defendant(s),    :

———————————————————————x

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER BRANDON GEMBECKI ("GEMBECKI") and POLICE OFFICERS JOHN DOE #1 through JOHN DOE #3 (JOHN DOE #1 through JOHN DOE #3) of the New York City Police Department ("NYPD"), arising out of the false arrest false imprisonment, assault and battery and use of excessive force against JORDY PERALTA ("Plaintiff").

2.     On or about June 27, 2017, GEMBECKI and JOHN DOE #1 through JOHN DOE #3, all members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, assault and battery and use of excessive force, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     The Plaintiff, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly Bronx County.

## PARTIES

7.      Plaintiff at all times relevant hereto resided in the City and State of New York, County of Bronx.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.      The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendant GEMBECKI and JOHN DOE # 1 through JOHN DOE #3 and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE

CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     On or about June 27, 2017, at approximately 10:50 p.m., plaintiff was in front of his home located at 2540 Valentine Avenue Bronx, NY when members of the NYPD, including defendant GEMBECKI and JOHN DOE #1 through JOHN DOE #3, chased plaintiff and attacked him for no reason.

15.     GEMBECKI and JOHN DOE #1 through JOHN DOE #3, who were in plain clothes with their guns drawn, did not disclose during their chase of plaintiff that they were police officers until after plaintiff was in custody.

16.     GEMBECKI and JOHN DOE #1 through JOHN DOE #3 violently tackled plaintiff to the pavement and proceeded to punch and kick plaintiff all over his body while he was on the ground.

17.     Plaintiff was taken to the 52 Precinct where he was charged with Disorderly Conduct (PL § 240.20 (1)).

18.     Plaintiff was held against his will at the 52 Precinct for approximately three hours before he was given a summons.

19.     Plaintiff was required to go to Bronx Criminal Court multiple times as result of the arrest.

20.     On October 25, 2017, in Bronx Criminal Court, the charges against Plaintiff were dismissed.

21.     Plaintiff suffered emotional distress, including nightmares, because of his arrest and detention.

22.     As a result of being tackled kicked and punched by GEMBECKI and JOHN DOE #1 through JOHN DOE #3 plaintiff went to St. Barnabas Hospital where he received treatment for injuries to his back, right leg, right arm, right hand, right elbow and face.

23.     Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and held against his will and was unlawfully deprived of his liberty and property.

24.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

25.     Defendants acted maliciously and intentionally.

26.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property as well physical injury that required plaintiff to seek medical attention.

27.     On information and belief, GEMBECKI and JOHN DOE #1 through JOHN DOE #3 were members of a plain clothes unit operating in the Bronx. When the officers attacked Plaintiff, they were not in police uniform but did have colored armbands which members of these units wear to identify each other when on duty.

28.     On or about June 15, 2020, the NYPD announced that it was eliminating these plain clothes units.

29.     NYPD Commissioner Dermot Shea, in announcing the disbandment of these units, admitted that they received a "disproportionate . . . percentage of complaints" and described this action as an attempt to "move away from brute force."

30.     Shea further described the elimination of the plain clothes unites as "closing one of the last chapters" on New York's unconstitutional stop-and-frisk policy because these units were an integral part of enforcing that sweeping violation of civil liberties.

31.     Despite recognizing the "disproportionate" complaints these units received, Shea nevertheless claimed that officers in these units were "doing exactly what was asked of them."

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

32.     Paragraphs 1 through 31 are herein incorporated by reference.

33.     Defendants GEMEBECKI and JOHN DOE # 1 through JOHN DOE #3 subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

34.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

35.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(EXCESSIVE FORCE)

36.     Paragraphs 1 through 35 are herein incorporated by reference.

37.    Defendants GEMEBECKI and JOHN DOE # 1 through JOHN DOE #3 subjected plaintiff to excessive force when they violently tackled him and then punched and kicked him while he was on the ground.

38.    Defendants' use of physical force against Plaintiff was unnecessary, wanton, excessive, and was not applied in good-faith pursuit of Defendants' law-enforcement duties.

39.    As a result of Defendants' use of excessive force against Plaintiff, Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

40.    As a result of Defendants' excessive force, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

<u>THIRD CLAIM FOR RELIEF</u>
(MUNICIPAL LIABILTY)

41.    Paragraphs 1 through 40 are incorporated herein by reference.

42.    Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

43.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

44.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

45.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

46.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

47.     Defendants subjected plaintiff to false arrest, false imprisonment, and excessive force.

48.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

7

## FOURTH CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

49.     Paragraphs 1 through 48 are incorporated herein by reference.

50.     Defendant GEMBEKCI and JOHN DOE #1 through JOHN DOE #3 arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

51.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

52.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     Defendants GEMBECKI and JOHN DOE # 1 through JOHN DOE #3 illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

55.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

56.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial.


Dated: New York, New York
        June 25, 2020

                              FINK & KATZ, PLLC.


                              /s/ Joshua Tarrant-Windt
                         By:  Joshua Tarrant-Windt
                              One of Plaintiff's Attorneys

**Attorneys for Plaintiff**


Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373

Brian Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, New York 10004
Telephone:212-248-7906