UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JORDY PERALTA,<br><br>                                             Plaintiff,<br><br>                  -against-<br><br>CITY OF NEW YORK and POLICE OFFICER BRANDON GEMBECKI, and POLICE OFFICERS JOHN DOE # 1 through JOHN DOE # 3 of the NEW YORK CITY POLICE DEPARTMENT,<br><br>                                           Defendants. | **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER BRANDON GEMBECKI**<br><br>20-CV-4884 (JMF)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------------ x

Defendants City of New York and Police Officer Brandon Gembecki, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, as follows:

1. Deny the allegations contained in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations in paragraph "2" of the Complaint.

3. Deny the allegation in paragraph "3" of the Complaint, except state that plaintiff purports to proceed as stated therein, and defendants allege the responses set forth in the following paragraphs of their answer, as if fully set forth herein.

4. Deny the allegations contained in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations contained in paragraph "5" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations contained in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refers the Court to the New York City Charter for a recitation of the relationship between the City of New York and the NYPD.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the allegations in paragraph "10" of the Complaint, except admit oon XX date, Officer Gembecki was employed by the City as a police officer.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except state that the allegations that defendants were "acting under color of law" is a legal conclusion to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refers the Court to the New York City Charter for a recitation of the relationship between the City of New York and the NYPD.

13. Deny the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Admit the allegations contained in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph "24" of the Complaint.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint, except admit that Officer Gembecki was in plain clothes when he arrested plaintiff and deny knowledge or information sufficient to form a belief as to the attire of any unidentified defendants.

28. Deny the allegations in paragraph "28" of the Complaint, except refer the Court to the public statements of the NYPD referenced therein.

29. Deny the allegations in paragraph "29" of the Complaint, except refer the Court to the public statements of the NYPD referenced therein.

30. Deny the allegations in paragraph "30" of the Complaint, except refer the Court to the public statements of the NYPD referenced therein.

31. Deny the allegations in paragraph "31" of the Complaint, except refer the Court to the public statements of the NYPD referenced therein.

32. In response to the allegations in paragraph "32" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. In response to the allegations in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the Complaint

39. Deny the allegations contained in paragraph "39" of the Complaint

40. Deny the allegations contained in paragraph "40" of the Complaint, except state that the allegations are legal conclusions to which no response is required.

41. In response to the allegations in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

42. Deny the allegations contained in paragraph "42" of the Complaint.

43. Deny the allegations contained in paragraph "43" of the Complaint.

44. Deny the allegations contained in paragraph "44" of the Complaint.

45. Deny the allegations contained in paragraph "45" of the Complaint.

46. Deny the allegations contained in paragraph "46" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint.

48. Deny the allegations contained in paragraph "48" of the Complaint.

49. In response to the allegations in paragraph "49" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

50. Deny the allegations contained in paragraph "50" of the Complaint.

51. Deny the allegations contained in paragraph "51" of the Complaint.

52. Deny the allegations contained in paragraph "52" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

53. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

54. Defendants City of New York and Police Officer Brandon Gembecki have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City of New York violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

55. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City of New York or Police Officer Brandon Gembecki.

**FOURTH AFFIRMATIVE DEFENSE:**

56. Punitive damages may not be recovered against defendant City of New York.

**FIFTH AFFIRMATIVE DEFENSE:**

57. Plaintiff has failed to mitigate his alleged damages.

**SIXTH AFFIRMATIVE DEFENSE:**

58. At all times relevant to the acts alleged in the complaint, defendant Police Officer Brandon Gembecki acted reasonably in the proper and lawful exercise of his discretion.

**SEVENTH AFFIRMATIVE DEFENSE:**

59. Plaintiff provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE:**

60. Plaintiff's claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), et seq.

**NINTH AFFIRMATIVE DEFENSE:**

61. Defendant Police Officer Brandon Gembecki has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**TENTH AFFIRMATIVE DEFENSE:**

62. There was reasonable suspicion, probable cause, and/or exigent circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE:**

63. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and

lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**WHEREFORE,** defendants City of New York and Police Officer Brandon Gembecki request judgment dismissing the Form Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 30, 2020

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York and*
*Police Officer Brandon Gembecki*
100 Church Street, Room 3-190
New York, New York 10007
Tel: (212) 356-2318
svilella@law.nyc.gov

By: _____
Stephanie Michelle Vilella Alonso
*Assistant Corporation Counsel*

cc: **BY ECF**
Jonathan A. Fink
Fink & Katz, PLLC
*Attorney for Plaintiff*

Brian Bromberg and Joshua Tarrant-Windt
Bromberg Law Office, P.C.
*Attorneys for Plaintiff*