**BROMBERG LAW OFFICE, P.C.**

Brian L. Bromberg (Admitted in NY, NJ & CA)
Joshua Tarrant-Windt, Associate (Admitted in NY)

352 Rutland Road, #1
Brooklyn, NY 11225
Phone: (212) 248-7906
Fax: (212) 248-7908

March 23, 2021

Via ECF
Honorable John P. Cronan, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Peralta v. City of New York, et al.* SDNY Case No. 20-CV-4884 (JPC)

Dear Judge Cronan:

My office represents the plaintiff, Jordy Peralta, in the above-referenced case brought against the defendants, City of New York, Police Officer Brandon Gembecki, and Police Officers John Doe # 1 through John Doe # 3, under 42 U.S.C. § 1983 and state law. The parties are submitting this joint letter in accordance with Your Honor's Notice of Reassignment, dated October 7, 2020.

**Plaintiff's Summary of the Nature of the Action**

Plaintiff was unlawfully arrested and injured in an incident occurring on June 27, 2017. At approximately 10:15 p.m. plaintiff, who was seventeen years old, was standing in front of his home when he was confronted by plain clothes police officers, including defendant Gembecki, with their guns drawn and their shields hidden.

Fearing for his life and having no way to know that these gun-toting men were police officers, Plaintiff ran away from them until he found a parked vehicle to hide under. However, the plain clothes police officers soon found Mr. Peralta, and after pulling him out from under the car, violently tackled him and beat him before placing him under arrest. The summons resulting from the arrest was dismissed in Bronx Criminal Court on October 25, 2017.

Plaintiff suffered multiple soft tissue injuries as a result of the police officers' attack and required medical treatment. Plaintiff went to the hospital with his father immediately after being released from police custody with the summons.

Subsequent to Plaintiff's arrest, the police unit to which the defendant police officers belonged was disbanded because of the large number of complaints against its members. Defendant Gembecki has been a named defendant in multiple

lawsuits and subject to numerous complaints to the CCRB as result of his alleged wrongful conduct while working as a police officer.

**Defendants' Principal Defenses**

On June 27, 2017, Detective Gembecki was driving around 194th Street and Valentine Avenue in the Bronx, which he describes as a very violent area with a lot of gang activity. At about 10:00 p.m., he saw plaintiff and a group of about 4-5 people in the sidewalk arguing. Detective Gembecki observed plaintiff use a gang sign while yelling profanity at a rival gang. The officers were concerned that this was going to get physical, and so stopped in order to prevent something potentially serious from breaking out. As the detectives approached the group, plaintiff fled. Detective Gembecki chased after plaintiff and was able to detain him. Ultimately, plaintiff received a summons for Disorderly Conduct, 240.20(1).

On October 25, 2017, the charge was dismissed. As noted in defendants' answer, defendants assert the following defenses:

1. The Complaint fails to state a claim upon which relief can be granted.
2. Defendants City of New York and Police Officer Brandon Gembecki have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City of New York violated any act of Congress providing for the protection of civil rights.
3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City of New York or Police Officer Brandon Gembecki.
4. Punitive damages may not be recovered against defendant City of New York.
5. Plaintiff has failed to mitigate his alleged damages.
6. At all times relevant to the acts alleged in the complaint, defendant Police Officer Brandon Gembecki acted reasonably in the proper and lawful exercise of his discretion.
7. Plaintiff provoked any incident.
8. Plaintiff's claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), et seq.
9. Defendant Police Officer Brandon Gembecki has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.
10. There was reasonable suspicion, probable cause, and/or exigent circumstances.
11. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable

exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## Jurisdiction and Venue

Federal-question jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988. Venue in this District is proper in that the Defendants transact and do business here and the conduct complained of occurred here.

## Deadlines and Due Dates

The only operative deadline at this time is for service of the John Doe defendants. A motion to extend this deadline to May 24, 2021 is currently before the Court.

## Outstanding Motions

The only unresolved motion is Plaintiff's motion to extend the deadline to serve the John Doe defendants.

## Discovery So Far

The parties have exchanged limited discovery pursuant to the protocol governing cases filed under 42 U.S.C. § 1983. This discovery was sufficient to engage in mediation which is ongoing.

## Prior Settlement Discussions

On February 5, 2021, Plaintiff made an initial settlement offer. Defendants provided a counter-offer on March 1, 2021. The parties held an all-day mediation on March 16, 2021. The parties continue to work with the assigned mediator to resolve this case.

## Alternative Dispute Resolution

The parties have already engaged in mediation pursuant to the District's Mediation Program. The parties are continuing to work with the assigned mediator to resolve this case.

## Other Information that May Assist the Court

None.

Respectfully,

/s/ Brian L. Bromberg
    Brian L. Bromberg

cc:    All Counsel of Record (Via ECF)